# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | Case No: 18-bk-13108 |
| | : | |
| **STEVEN EDWARD SCHUHOLZ** | : | Chapter 7 |
| | : | |
| Debtor. | : | JUDGE BUCHANAN |
| | : | |
| | : | Adversary Proceeding No. 18-1071 |
| **JAMES T. UREN, Individually and on behalf of others similarly situated,** | : | |
| c/o Santen & Hughes, LPA | : | **AMENDED COMPLAINT TO** |
| 600 Vine Street, Suite 2700 | : | **DETERMINE DISCHARGEABILITY OF** |
| Cincinnati, Ohio 45202 | : | **DEBT** |
| | : | |
| and | : | |
| | : | |
| **JOSEPHINE KHOO-SMITH, Individually and on behalf of others similarly situated,** | : | |
| c/o Santen & Hughes, LPA | : | |
| 600 Vine Street, Suite 2700 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **STEVEN EDWARD SCHUHOLZ** | : | |
| 53 Evergreen Circle | : | |
| Cincinnati, Ohio 45215 | : | |
| | : | |
| Defendant. | : | |

Plaintiffs, James T. Uren and Josephine Khoo-Smith, individually and on behalf of others similarly situated (collectively "Plaintiffs"), for their Complaint against Defendant, Steven Edward Schuholz ("Mr. Schuholz"), state as follows:

## JURISDICTION

1. This Adversary Proceeding is being brought in connection with Mr. Schuholz's case under Chapter 7 of Title 11 of the United States Code, Case No. 18-bk-13108 now pending in this Court.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334. Plaintiffs are entitled to file this action as an adversary proceeding under Rules 4004 and 7001 of the Federal Rules of Bankruptcy Procedure.

3. This is a Core Proceeding within the meaning of 28 U.S.C. §157(b)(2)(I) and (J).

## THE PARTIES

4. Plaintiffs, James T. Uren ("Mr. Uren") and Josephine Khoo-Smith ("Ms. Khoo-Smith") were appointed as Class Representatives and Lead Plaintiffs by the Court of Common Pleas of Hamilton County, Ohio, in Case No. A1406892, captioned *Uren v. Scoville*, *et al.*, on behalf of the following Class of plaintiffs: "All persons or entities, individually and collectively, who invested money in or through Glen Galemmo or his affiliated entities from January 1, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal)" (the "Plaintiff Class"). The Court of Common Pleas appointed the undersigned as counsel to the Plaintiff Class on April 29, 2015.

5. The Plaintiff Class proceeded to trial against Mr. Schuholz and, as a result thereof, the Plaintiff Class is the holder of a judgment and claim against the defendant-debtor Mr. Schuholz for the sum of $864,534.16 plus interest and costs commencing on July 11, 2017.

6. Plaintiffs are secured creditors of Mr. Schuholz pursuant to Schedule D attached to the Bankruptcy Petition.

7. Defendant, Mr. Schuholz, is a natural person residing in this judicial district.

**FACTUAL BACKGROUND**

8. After a multi-week bench trial, the Court of Common Pleas of Hamilton County, Ohio entered final judgment against Mr. Schuholz on July 11, 2017 in the amount of $864,534.16 plus interest and costs commencing on July 11, 2017. In that Final Judgment Entry, the state court made exhaustive findings of fact and conclusions of law relating to the claims of the Plaintiff Class against Mr. Schuholz.

9. Glen Galemmo operated a Ponzi scheme that began at least as early as 2008 and continued through approximately July 2013. The Ponzi scheme continued because of willful and criminal acts including fraudulent misrepresentations, fraud while acting in a fiduciary capacity, and theft.

10. Mr. Schuholz received a "net profit" from the Galemmo Ponzi scheme of $864.534.16. In other words, the Galemmo Ponzi scheme transferred $864,534.16 more to Schuholz than Schuholz transferred to Galemmo. This all constitutes money obtained as a result of the fraudulent Ponzi scheme. In the state court proceeding, the Plaintiff Class proved the existence of a Ponzi scheme and all of the elements of these fraudulent transfers to Mr. Schuholz by clear and convincing evidence.

11. Mr. Schuholz was associated with Total Care & Repair, LLC ("TC&R") as an owner. For each bank account identified during trial on which TC&R was identified as an account holder, Mr. Schuholz was also identified as an account holder on the same account.

12. Plaintiffs' expert correctly counted transactions from the Galemmo Ponzi scheme to a TC&R bank account as a fraudulent transfer attributable to Mr. Schuholz because Mr. Schuholz was named on the TC&R bank accounts and had unfettered access to, and exercised control and dominion over, those bank accounts.

13. Plaintiffs' expert testified that he believed that some (but not all) of the transfers from the Galemmo Ponzi scheme to a TC&R bank account were made in consideration for materials or labor performed by TC&R. He thus correctly excluded those transactions from his calculations of the amount of the fraudulent transfers received by Mr. Schuholz. In other words, Plaintiffs' expert did not count non-investment receipts when calculating Schuholz' net profit.

14. Mr. Schuholz failed to plead the affirmative defense of good faith or reasonably equivalent value and those defenses were therefore waived. Even if he had pled such affirmative defenses, Schuholz failed to carry his burden at trial as to any such affirmative defense.

15. Mr. Schuholz was included on a list of four individuals used as references by Glen Galemmo while operating his Ponzi scheme. Galemmo encouraged potential investors to contact Schuholz as they evaluated whether to invest their money with Galemmo. Potential investors did, in fact, reach out to Schuholz before they transferred money to the Ponzi scheme.

16. Mr. Schuholz was not licensed to sell securities or to broker the sale of securities. Yet, Schuholz received money on account of people being recruited into the Galemmo Ponzi scheme.

17. Because their money was transferred to Mr. Schuholz, the members of the Plaintiff Class conferred a benefit upon Mr. Schuholz. Mr. Schuholz received the Plaintiffs' money and knew he had received the money.

4

18. In a Ponzi scheme, fraudulent "intent is presumed because the Debtor undeniably knows that 'future investors will not be paid', thus evidencing an intent to defraud creditors". *In re Independent Clearing House Co.*, 77 B.R. 84 (D. Utah 1987); *Bash v. Textron Financial Corp.*, 483 B.R. 630, 656 (N.D. Ohio 2012).

19. Courts hold that the existence of a Ponzi scheme establishes as a matter of law that any transfers pursuant to the scheme are constructively fraudulent because (1) the investors do not provide reasonably equivalent value for their "fictitious profits" and (2) the Ponzi scheme is inherently insolvent because each new investor has a tort claim that cannot be repaid. *See Scholes v. Lehmann*, 57 F.3d 750, 755 (7th Cir. 1995).

20. The state court held that Mr. Schuholz' receipt of money for people being recruited into the Galemmo Ponzi scheme is a violation of Ohio's state securities laws. *See* R.C. 1707.14(A); R.C. 1707.44(A).

21. Plaintiffs, at trial, clearly and convincingly proved that Mr. Schuholz was unjustly enriched by his receipt of the money belonging to the members of the Plaintiff Class, to the detriment of the members of the Plaintiff class, and it would be unjust for Mr. Schuholz to retain such money without providing compensation to the Plaintiff Class.

22. It would be inequitable for Mr. Schuholz to retain the funds transferred to him from the Galemmo Ponzi scheme that belong to the members of the Plaintiff Class. Mr. Schuholz gained possession of these funds only because of the fraudulent and criminal Ponzi scheme, for which Schuholz received money on account of people being recruited into the Ponzi scheme.

**COUNT ONE – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(19)**

23. Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

24. The debt owed by Mr. Schuholz to the Plaintiff Class is for a violation of the Federal securities laws, any of the securities laws of any state, or any regulation or order issued under such Federal or State securities laws.

25. The debt owed by Mr. Schuholz to the Plaintiff Class is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

26. The debt owed by Mr. Schuholz to the Plaintiff Class resulted before the date on which the petition was filed from a final judgment of the Court of Common Pleas of Hamilton County, Ohio.

27. Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the Plaintiff Class pursuant to 11 U.S.C. § 523(a)(19).

**COUNT TWO – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(2)(A)**

28. Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

29. The debt owed by Mr. Schuholz to the Plaintiff Class is for money obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

30. Mr. Schuholz obtained money through a material misrepresentation regarding the Galemmo Ponzi Scheme. Among other things, as set forth above, Mr. Schuholz was listed as a referral source for the Ponzi Scheme and spoke with members of the Plaintiff Class regarding Galemmo.

31. Mr. Schuholz's statements and misrepresentations regarding Galemmo were, at the time, knowingly made false, or were made with gross recklessness as to the truth.

32. Mr. Schuholz intended to deceive the members of the Plaintiff Class when he communicated with them regarding Galemmo.

33. Members of the Plaintiff Class justifiably relied on Mr. Schuholz's false representations, and their reliance was the proximate cause of their loss.

34. Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the Plaintiff Class pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT THREE – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(6)

35. Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

36. The debt owed by Mr. Schuholz to the Plaintiff Class is the result of willful and malicious injury by Mr. Schuholz to another entity or the property of another entity.

37. Mr. Schuholz acted willfully because he intended to injure the Plaintiff Class or engaged in conduct that was substantially certain to cause injury. Among other things, it was substantially certain that Mr. Schuholz's participation in the Galemmo Ponzi Scheme as a referral source would cause injury to the Plaintiff Class.

38. Mr. Schuholz acted maliciously because he acted wrongfully and without just cause or excuse. Malice is implied when, as here, anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another. Among other things, Mr. Schuholz participated in the sale of securities, in violation of state and federal securities laws, and acting without a license.

39. Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the Plaintiff Class pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiffs pray that this Court determine:

A. That the Debt owed to Plaintiffs by Mr. Schuholz is non-dischargeable under §§ 523(a)(19), (a)(2)(A), and 523(a)(6) of the Bankruptcy Code;

B. That Mr. Schuholz owes the Plaintiffs an amount not less than $864,534,16, plus interest until paid in full, plus costs, plus a reasonable award of attorney's fees; and

C. That Plaintiffs have such further legal and equitable relief to which this Court deems them entitled.

                                  Respectfully submitted,

Dated: November 27, 2018         /s/ *Brian P. O'Connor*
                                  Brian P. O'Connor (OH Reg. 0086646)
                                  SANTEN & HUGHES, LPA
                                  600 Vine Street, Suite 2700
                                  Cincinnati, Ohio 45202-2409
                                  (513) 721-4450 (Phone)
                                  (513) 852-5994 (fax)
                                  bpo@santen-hughes.com
                                  *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on November 27, 2018, a copy of the foregoing was served through the Court's ECF system on all parties/counsel of record at the e-mail addresses registered with the court, and via U.S. Mail upon Steven Edward Schuholz.

                                  /s/ *Brian P. O'Connor*
                                  Brian P. O'Connor

651030.2