## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

In re:

**Steven Edward Schuholz,**

        *Debtor.*

**James T. Uren & Josephine Khoo-Smith, et al.**

        **Plaintiffs**

      **v.**

**Steven Edward Schuholz,**

        **Defendant-Debtor.**

Chapter 7
Case No. 1:18-bk-13108

Judge Beth A. Buchanan

ADV. PRO. NO. 1:18-ap-01071

---

## JOINT MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN STEVEN SCHUHOLZ AND ALL CLASS MEMBERS IN THE CLASS ACTION IN HAMILTON COUNTY, OHIO COURT OF COMMON PLEAS CASE A1406892

---

Debtor, Steven Edward Schuholz ("Debtor") and all class members in the class action in Hamilton County, Ohio Court of Common Please Case No. A1406892 acting by and through their authorized Class Representatives James T. Uren & Josephine Khoo-Smith, respectfully submit this motion (the "Motion") for entry of an Order approving settlement of a dispute and other related matters between the Debtor and the Class Members pursuant to pursuant to Fed. R. Bankr. P. 7041, relating to the Adversary Complaint of the Class Members for determination of dischargeable of debt pursuant to 11 U.S.C. § 523(a)(19), 523 (a)(2)(a) and 523 (a)(6). filed as (Doc #1) on November 15, 2018, in the above captioned case.

## **GENERAL BACKGROUND**

1.      The Debtor filed a voluntary petition for relief with this Court under Chapter 7 of the U.S. Bankruptcy Code on August 17, 2018.

2.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157 and § 1334.

3.      This is a Core Proceeding within the meaning of 28 U.S.C. §157(b)(2)(I) and (J).

4.      James T. Uren and Josephine Khoo-Smith Smith") were appointed as Class Representatives and Lead Plaintiffs by the Court of Common Pleas of Hamilton County, Ohio, in Case No. AI406892, captioned *Uren* v. *Scoville, et al.,* ("Class Action") on behalf of the following Class of plaintiffs: "All persons or entities, individually and collectively, who invested money in or through Glen Galemmo or his affiliated entities from January I, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal)" (collectively the "Class Members").

5.      Brian P. O'Conner, Esq. was appointed counsel for the Class Members on April 29, 2015 in the Class Action.

6.      The Class Members obtained a judgment against the Debtor in the Class Action in the amount of $864,534.16 ("Judgment") and then sought a determination from this Court that the entire Judgment was non-dischargeable by filing a complaint in the above captioned case on October 20, 2019.  A copy of the Adversary Complaint is attached hereto as Exhibit A.

7.      The Class Members alleged in the Adversary Complaint the following:

a.      Glen Galemmo operated a Ponzi scheme that began at least as early as 2008 and continued through approximately July 2013. The Ponzi scheme continued because of willful and criminal acts including fraudulent misrepresentations, fraud while acting in a fiduciary capacity, and theft.

b.      The Debtor received a "net profit" from the Galemmo Ponzi scheme of $864.534.16. In other words, the Galemmo Ponzi scheme transferred $864,534.16 more to Debtor than Debtor transferred to Galemmo. This all constitutes money obtained as a result of the fraudulent Ponzi scheme. In the state court proceeding, the Class Members proved the existence of a Ponzi scheme and all of the elements of these fraudulent transfers to the Debtor by clear and convincing evidence.

c.      The Debtor was associated with Total Care & Repair, LLC ("TC&R") as an owner. For each bank account identified during trial on which TC&R was identified as an account holder, the Debtor was also identified as an account holder on the same account.

d.      The Class Member's expert correctly counted transactions from the Galemmo Ponzi scheme to a TC&R bank account as a fraudulent transfer attributable to the Debtor because the Debtor was named on the TC&R bank accounts and had unfettered access to, and exercised control and dominion over, those bank accounts.

e.      The Class Members' expert testified that he believed that some (but not all) of the transfers from the Galemmo Ponzi scheme to a TC&R bank account were made in consideration for materials or labor performed by TC&R. He thus correctly excluded those transactions from his calculations of the amount of the fraudulent transfers received by the Debtor. In other words, the Class Members' expert did not count non-investment receipts when calculating Debtor's net profit.

f.      The Debtor failed to plead the affirmative defense of good faith or reasonably equivalent value and those defenses were therefore waived. Even if he had pled such affirmative defenses, the Debtor failed to carry his burden at trial as to any such affirmative defense.

g.      The Debtor was included on a list of four individuals used as references by Glen Galemmo while operating his Ponzi scheme. Galemmo encouraged potential investors to contact Debtor as they evaluated whether to invest their money with Galemmo.

h.      Potential investors did, in fact, reach out to Debtor before they transferred money to the Ponzi scheme.

> i.  Debtor was not licensed to sell securities or to broker the sale of securities. Yet, Debtor received money on account of people being recruited into the Galemmo Ponzi scheme.
>
> j.  Because their money was transferred to Debtor, the Class Members conferred a benefit upon the Debtor. The Debtor received the Class Members money.

8.    The Debtor denied the allegations and filed a motion for judgment on the pleadings (Dco#10). Although the motion was denied (Doc#16 & 17), as a result of the motion the Class Members recognized, that with exception of their 11 U.S.C. § 523(a)(19) claim it would be burdensome upon the Class Members to pursue the claims because the costs of continued prosecution exceeded the likelihood of success.

9.    Debtor contends that all of the following are true with which the Plaintiffs disagree: With respect to the Class Members 11 U.S.C. § 523(a)(19) claim, as the Court recognized in its Order Denying the Motion for Judgment on the Pleadings, (Doc #16 & 17), the Judgement did not establish what portion if any, was attributable to the Debtors securities violations. Although the record from the Class Action is voluminous, the only evidence of securities violations damages involving the Debtor is an unspecific testimonial statement that the Debtor received maybe $40,000.00 to $50,000.00 but that testimony was not support with any documents nor was that statement included in the Findings of Facts and Conclusions of Law filed in the Class Action. In short, the maximum recovery on the § 523(a)(19) claim would be $50,000.00.

10.    On July 15, 2019, the Debtor received a discharge in the underlying Case (Case No.: 18-13108).

11.    By this Motion, the Class Members and the Debtor seeks a Court order approving the settlement of the claims set in the Class Member's Adversary Complaint and subsequent

pleadings. The settlement between the parties is the product of extensive negotiation. The Class Members submits that the settlement outlined herein is fair and equitable and in the best interests of the Class Members because the maximum recovery on the § 523(a)(19) claim, is $50,000.00 and as explained below, the Debtor is agreeing to pay $50,000.00 to the Class Members to settle the Claim.

12.     The Debtor and the Class Members both agree that this settlement is fair and reasonable, and it is in the best interest of the bankruptcy estate, and the creditors of the bankruptcy estate.

13.     Concurrently with the filing of this Motion, the Class Member's attorney will notify all the Class Members by sending out the attached Exhibit B, Notice of Settlement to each Class Member and then file Certificate of Mailing in the Docket on this Case as well as in the docket in the Class Action.

### SETTLEMENT

14.     The parties have agreed to resolve the dispute in the following manner conditioned upon approval of the terms hereof by the Court (the "Settlement"). The terms of the Settlement are as follows:

a.      The Debtor shall pay to the attorney for the Class Members the total sum of $50,000, certified funds, within ten (10) business days of the entry of an Order granting the instant Motion to Approve Settlement;

b.      Upon payment of the settlement funds, the Class Members shall dismiss the Adversary Complaint, with prejudice; and

c.      Upon payment of the settlement funds, the Class Members will also enter a release of Judgment in the Class Action.

## **LEGAL BASIS FOR RELIEF REQUESTED**

The settlement of this controversies is governed by Fed. R. Bank. P. 7041, which provides in pertinent part that "a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

The decision to approve a given compromise lies within the sound discretion of the trial court. Such approval should only be given where the settlement is both fair and equitable. *In re SIS Corp.*, 108 B.R. 608, 612 (Bankr. N.D. Ohio 1989); See also *In re Planned Sys., Inc.*, 82 BR. 919, 921( Bankr. S. D. Ohio 1988); *In re Carson*, 82 B.R. 847, 852-53 (Bankr. S.D. Ohio 1987).

In determining whether a compromise is in the best interest of an estate, or the claimants, bankruptcy courts have consistently looked to the factors set forth by the Court of Appeals for the Eight Circuit in the matter of *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir 1929). Drexel provided four criteria for consideration in determining the propriety of a proposed settlement or compromise of claim: (1) the probability of success in litigation of the controversy; (2) the likely difficulties in collection of any resulting judgment; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Carson,* 82.B.R. at 853. The United States Supreme Court has further stated that a bankruptcy court should consider "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424.

By settling the dispute, the Class Members will avoid waste of additional Class Resources, and with the undeniable risks of litigation, it will eliminate the possibility of an unfavorable

outcome adverse to the Class Members. The costs to continue to prosecute the claims could be greater than the Class Members recovery.

## **CONCLUSION**

WHEREFORE, the Debtor and the Class Members requests entry of an Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Paul Saba
Paul T. Saba, Esq. (0063723)
Jeffrey M. Nye, Esq. (0082247)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2713 (facsimile)
paulsaba@sspfirm.com
jmn@sspfirm.com
**Attorneys for Debtor**

Respectfully submitted,

/s/Brian P. O'Connor
Brian P/ O'Connor (0086646)
SANTEN & HUGHES LPA
600 Vine Street
Suite 2700
Cincinnati, Ohio 45202-2409
513.721-4450
513.852-5994 (facsimile)
bpo@santen-hughes.com
**Attorneys for Class Members**

## NOTICE OF MOTION

The Debtor, Steven Edward Schuholz and all class members in the class action in Hamilton County, Ohio Court of Common Please Case No. A1406892 acting by ad through their authorized Class Representatives James T. Uren & Josephine Khoo-Smith, have filed a Joint Motion for Entry of an Order Approving Settlement of Dispute between the Class Members and the Debtor regarding the settlement of an Adversary Proceeding concerning a Judgment for securities violations and unjust enrichment.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in the Motion, then on or before twenty-one (21) days from the date set forth in the certificate of service for the motion, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

> Clerk, U.S. Bankruptcy Court
> Southern District of Ohio
> 221 East Fourth Street,
> Suite 800
> Cincinnati, Ohio 45202-4133

OR your attorney must file a response using the court's ECF System.

The court must receive your response on or before the above date. You must also send a copy of your response either by 1) the court's ECF system or by 2) regular U.S. Mail to:

1.  Paul T. Saba, Esq., STAGNARO, SABA & PATTERSON CO., L.P.A., 2623 Erie Avenue Cincinnati, Ohio 45208;

2.  Brian P/ O'Connor, SANTEN & HUGHES LPA, 600 Vine Street, Suite 2700 Cincinnati, Ohio 45202-2409;

3.  Elliot Polaniecki, Trustee, 9000 Plainfield Road, Suite B, Cincinnati, Ohio 45236;

4. Office of the US Trustee, 550 Main Street, Suite 4-812, Cincinnati, OH 45202

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Joint Motion for Entry of an Order Approving Settlement of Dispute Between Steven Edward Schuholz and all class members in the class action in Hamilton County, Ohio Court of Common Pleas Case No. A1406892 acting by and through their authorized Class Representatives James T. Uren & Josephine Khoo-Smith, was served electronically on the date of the filing through Court's ECF system on all ECF participants registered in this case at the email address registered with the court, and upon the following on the _ day of June, 2020, or by ordinary U.S. Mail:

1. Paul T. Saba, Esq., STAGNARO, SABA & PATTERSON CO., L.P.A., 2623 Erie Avenue, Cincinnati, Ohio 45208;

2. Brian P/ O'Connor, SANTEN & HUGHES LPA, 600 Vine Street, Suite 2700, Cincinnati, Ohio 45202-2409;

3. Elliot Polaniecki, Trustee, 9000 Plainfield Road, Suite B, Cincinnati, Ohio 45236;

4. Office of the US Trustee, 550 Main Street, Suite 4-812, Cincinnati, OH 45202;

5. Steven Schuholz, 53 Evergreen Circle, Cincinnati, Ohio 45215;

6. All Class Members in the class action in Hamilton County, Ohio Court of Common Pleas Case No. A1406892 by filing a notice of settlement on the docket in that Case.

7. All creditors and parties in interest on attached matrixes relating to In Re: Steven Schuholz Case No.: 18-13108.

_/s/ Paul Saba_                                     _/s/Brian P. O'Connor_
                                                         Brian P/ O'Connor (0086646)

672531.2

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | Case No: 18-bk-13108 |
| | : | |
| **STEVEN EDWARD SCHUHOLZ** | : | Chapter 7 |
| | : | |
| Debtor. | : | JUDGE BUCHANAN |
| | : | |
| | : | Adversary  Proceeding No. _____ |
| **JAMES T. UREN, Individually and on behalf of others similarly situated,** | : | |
| | : | |
| c/o Santen & Hughes, LPA | : | **COMPLAINT TO DETERMINE** |
| 600 Vine Street, Suite 2700 | : | **DISCHARGEABILITY OF DEBT** |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| **JOSEPHINE KHOO-SMITH, Individually and on behalf of others similarly situated,** | : | |
| | : | |
| | : | |
| c/o Santen & Hughes, LPA | : | |
| 600 Vine Street, Suite 2700 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| **v.** | : | |
| | : | |
| **STEVEN EDWARD SCHUHOLZ** | : | |
| 311 Ritchie Avenue | : | |
| Cincinnati, Ohio 45215 | : | |
| | : | |
| Defendant. | : | |

Plaintiffs, James T. Uren and Josephine Khoo-Smith, individually and on behalf of others similarly situated (collectively "Plaintiffs"), for their Complaint against Defendant, Steven Edward Schuholz ("Mr. Schuholz"), state as follows:

## JURISDICTION

1.      This Adversary Proceeding is being brought in connection with Mr. Schuholz's case under Chapter 7 of Title 11 of the United States Code, Case No. 18-bk-13108 now pending in this Court.

2.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334.  Plaintiffs are entitled to file this action as an adversary proceeding under Rules 4004 and 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This is a Core Proceeding within the meaning of 28 U.S.C. §157(b)(2)(I) and (J).

## THE PARTIES

4.      Plaintiffs, James T. Uren ("Mr. Uren") and Josephine Khoo-Smith ("Ms. Khoo-Smith") were appointed as Class Representatives and Lead Plaintiffs by the Court of Common Pleas of Hamilton County, Ohio, in Case No. A1406892, captioned *Uren v. Scoville*, *et al*., on behalf of the following Class of plaintiffs:  "All persons or entities, individually and collectively, who invested money in or through Glen Galemmo or his affiliated entities from January 1, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal)" (the "Plaintiff Class").  The Court of Common Pleas appointed the undersigned as counsel to the Plaintiff Class on April 29, 2015.

5.      The Plaintiff Class proceeded to trial against Mr. Schuholz and, as a result thereof, the Plaintiff Class is the holder of a judgment and claim against the defendant-debtor Mr. Schuholz for the sum of $864,534.16 plus interest and costs commencing on July 11, 2017.

2

6.     Plaintiffs are secured creditors of Mr. Schuholz pursuant to Schedule D attached to the Bankruptcy Petition.

7.     Defendant, Mr. Schuholz, is a natural person residing in this judicial district.

## FACTUAL BACKGROUND

8.     After a multi-week bench trial, the Court of Common Pleas of Hamilton County, Ohio entered final judgment against Mr. Schuholz on July 11, 2017 in the amount of $864,534.16 plus interest and costs commencing on July 11, 2017.  In that Final Judgment Entry, the state court made exhaustive findings of fact and conclusions of law relating to the claims of the Plaintiff Class against Mr. Schuholz.

9.     Glen Galemmo operated a Ponzi scheme that began at least as early as 2008 and continued through approximately July 2013.  The Ponzi scheme continued because of willful and criminal acts including fraudulent misrepresentations, fraud while acting in a fiduciary capacity, and theft.

10.     Mr. Schuholz received a "net profit" from the Galemmo Ponzi scheme of $864.534.16.   In other words, the Galemmo Ponzi scheme transferred $864,534.16 more to Schuholz than Schuholz transferred to Galemmo.  This all constitutes money obtained as a result of the fraudulent Ponzi scheme.   In the state court proceeding, the Plaintiff Class proved the existence of a Ponzi scheme and all of the elements of these fraudulent transfers to Mr. Schuholz by clear and convincing evidence.

11.     Mr. Schuholz was associated with Total Care & Repair, LLC ("TC&R") as an owner.  For each bank account identified during trial on which TC&R was identified as an account holder, Mr. Schuholz was also identified as an account holder on the same account.

3

12.     Plaintiffs' expert correctly counted transactions from the Galemmo Ponzi scheme to a TC&R bank account as a fraudulent transfer attributable to Mr. Schuholz because Mr. Schuholz was named on the TC&R bank accounts and had unfettered access to, and exercised control and dominion over, those bank accounts.

13.     Plaintiffs' expert testified that he believed that some (but not all) of the transfers from the Galemmo Ponzi scheme to a TC&R bank account were made in consideration for materials or labor performed by TC&R.  He thus correctly excluded those transactions from his calculations of the amount of the fraudulent transfers received by Mr. Schuholz.  In other words, Plaintiffs' expert did not count non-investment receipts when calculating Schuholz' net profit.

14.     Mr. Schuholz failed to plead the affirmative defense of good faith or reasonably equivalent value and those defenses were therefore waived.  Even if he had pled such affirmative defenses, Schuholz failed to carry his burden at trial as to any such affirmative defense.

15.     Mr. Schuholz was included on a list of four individuals used as references by Glen Galemmo while operating his Ponzi scheme.  Galemmo encouraged potential investors to contact Schuholz as they evaluated whether to invest their money with Galemmo.  Potential investors did, in fact, reach out to Schuholz before they transferred money to the Ponzi scheme.

16.     Mr. Schuholz was not licensed to sell securities or to broker the sale of securities. Yet, Schuholz received money on account of people being recruited into the Galemmo Ponzi scheme.

17.     Because their money was transferred to Mr. Schuholz, the members of the Plaintiff Class conferred a benefit upon Mr. Schuholz.  Mr. Schuholz received the Plaintiffs' money and knew he had received the money.

18.     In a Ponzi scheme, fraudulent "intent is presumed because the Debtor undeniably knows that 'future investors will not be paid', thus evidencing an intent to defraud creditors". *In re Independent Clearing House Co.*, 77 B.R. 84 (D.  Utah 1987); *Bash v. Textron Financial Corp.*, 483 B.R. 630, 656 (N.D. Ohio 2012).

19.     Courts hold that the existence of a Ponzi scheme establishes as a matter of law that any transfers pursuant to the scheme are constructively fraudulent because (1) the investors do not provide reasonably equivalent value for their "fictitious profits" and (2) the Ponzi scheme is inherently insolvent because each new investor has a tort claim that cannot be repaid.  *See Scholes v. Lehmann*, 57 F.3d 750, 755 (7th Cir. 1995).

20.     The state court held that Mr. Schuholz' receipt of money for people being recruited into the Galemmo Ponzi scheme is a violation of Ohio's state securities laws.  *See* R.C. 1707.14(A); R.C. 1707.44(A).

21.     Plaintiffs, at trial, clearly and convincingly proved that Mr. Schuholz was unjustly enriched by his receipt of the money belonging to the members of the Plaintiff Class, to the detriment of the members of the Plaintiff class, and it would be unjust for Mr. Schuholz to retain such money without providing compensation to the Plaintiff Class.

22.     It would be inequitable for Mr. Schuholz to retain the funds transferred to him from the Galemmo Ponzi scheme that belong to the members of the Plaintiff Class.   Mr. Schuholz gained possession of these funds only because of the fraudulent and criminal Ponzi scheme, for which Schuholz received money on account of people being recruited into the Ponzi scheme.

## COUNT ONE – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(19)

23.    Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

24.    The debt owed by Mr. Schuholz to the Plaintiff Class is for a violation of the Federal securities laws, any of the securities laws of any state, or any regulation or order issued under such Federal or State securities laws.

25.    The debt owed by Mr. Schuholz to the Plaintiff Class is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

26.    The debt owed by Mr. Schuholz to the Plaintiff Class resulted before the date on which the petition was filed from a final judgment of the Court of Common Pleas of Hamilton County, Ohio.

27.    Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the Plaintiff Class pursuant to 11 U.S.C. § 523(a)(19).

## COUNT TWO – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(2)(A)

28.    Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

29.    The debt owed by Mr. Schuholz to the Plaintiff Class is for money obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

30.    Mr. Schuholz obtained money through a material misrepresentation regarding the Galemmo Ponzi Scheme.  Among other things, as set forth above, Mr. Schuholz was listed as a referral source for the Ponzi Scheme and spoke with members of the Plaintiff Class regarding Galemmo.

6

31.     Mr. Schuholz's statements and misrepresentations regarding Galemmo were, at the time, knowingly made false, or were made with gross recklessness as to the truth.

32.     Mr. Schuholz intended to deceive the members of the Plaintiff Class when he communicated with them regarding Galemmo.

33.     Members of the Plaintiff Class justifiably relied on Mr. Schuholz's false representations, and their reliance was the proximate cause of their loss.

34.     Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the Plaintiff Class pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT THREE – OBJECTION TO DISCHARGE PURSUANT TO §523(a)(6)

35.     Plaintiffs restate each and every allegation contained in the foregoing paragraphs as if fully restated and rewritten herein.

36.     The debt owed by Mr. Schuholz to the Plaintiff Class is the result of willful and malicious injury by Mr. Schuholz to another entity or the property of another entity.

37.     Mr. Schuholz acted willfully because he intended to injure the Plaintiff Class or engaged in conduct that was substantially certain to cause injury.  Among other things, it was substantially certain that Mr. Schuholz's participation in the Galemmo Ponzi Scheme as a referral source would cause injury to the Plaintiff Class.

38.     Mr. Schuholz acted maliciously because he acted wrongfully and without just cause or excuse.  Malice is implied when, as here, anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another.  Among other things, Mr. Schuholz participated in the sale of securities, in violation of state and federal securities laws, and acting without a license.

39.     Accordingly, Mr. Schuholz is not entitled to discharge the debt owed to the

Plaintiff Class pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiffs pray that this Court determine:

A.     That the Debt owed to Plaintiffs by Mr. Schuholz is non-dischargeable under §§

523(a)(19), (a)(2)(A), and 523(a)(6) of the Bankruptcy Code;

B.     That Mr. Schuholz owes the Plaintiffs an amount not less than $864,534,16, plus

interest until paid in full, plus costs, plus a reasonable award of attorney's fees; and

C.     That Plaintiffs have such further legal and equitable relief to which this Court

deems them entitled.

Respectfully submitted,


Dated: November 15, 2018            /s/ *Brian P. O'Connor*
                                    Brian P. O'Connor (OH Reg. 0086646)
                                    SANTEN & HUGHES, LPA
                                    600 Vine Street, Suite 2700
                                    Cincinnati, Ohio  45202-2409
                                    (513) 721-4450 (Phone)
                                    (513) 852-5994 (fax)
                                    bpo@santen-hughes.com
                                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 15, 2018, a copy of the foregoing was served through the Court's ECF system on all parties/counsel of record at the e-mail addresses registered with the court, and via U.S. Mail upon Steven Edward Schuholz.

/s/ *Brian P. O'Connor*
Brian P. O'Connor

651030.1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
*In re: Steven Edwards, Chapter 7 Case No. 1:18-bk-130108*
*James T. Uren, et al. v. William Scoville, et al.,*
*Adversary Proceeding No, 1:18-ap-01071 2*

# NOTICE OF CLASS ACTION SETTLEMENT

Please be advised that in the lawsuit described above, Plaintiffs James T. Uren and Josephine Khoo-Smith (**"Plaintiffs"**) and Defendant Steven Schuholz (**"Schuholz"**) have reached a settlement (**"Settlement"**) that will resolve all claims by Plaintiffs and the Class (as described below) related to Schuholz and his investments with Glen Galemmo and affiliated entities, including Queen City Investment Fund, Queen City Investment Fund II, and QFC LLC or other entities. The Settlement only concerns claims against Schuholz and not claims or settlements with other defendants in this or other lawsuits.

### PLEASE READ THIS NOTICE CAREFULLY BECAUSE THE SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS

*A Court authorized this Notice. It is not a solicitation from a lawyer.*

**Who is in the Class?** The Class consists of all persons and entities, individually and collectively, who invested money in or through Galemmo or his affiliated entities from January 1, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal). You are receiving this notice because you may be a member of the Class.

**Who is Schuholz?** Schuholz was an investor with Galemmo who, over the years of his investments, received more in distributions than the amount of their investments. Claims are pending against other defendants in this and other lawsuits. The Settlement does not affect those claims. It only concerns the claims against Schuholz.

**What is the Settlement?** The terms of the Settlement are described in more detail below. The terms include that Schuholz will pay $50,000, and that all claims related to Galemmo investments by Plaintiffs or the Class against Schuholz will be settled and released.

**Deadlines:** If you wish to be included in the Settlement, you do not need to do anything. If you wish to object then the following deadlines apply

- Object to the Settlement – within twenty-one days from the date of this Notice.
- Attend the Bankruptcy Hearing on your objections and explain the same to the Bankruptcy Court.
- Final approval of the Settlement can occur twenty-one days after the notice if no one objects.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you wish to be included in the Settlement, you do not need to take any action. If you are a member of the Class, you will be automatically included in the Settlement unless you exclude yourself. |
| **OBJECT TO THE SETTLEMENT** | If you object to the Settlement, you or your attorney must timely file a written objection to the Bankruptcy Court. If you wish to object to the Settlement, you must timely file a written objection. The deadline for filing any objection is twenty-ne days from the date of this Notice.                    . |
| **ATTEND THE FINAL FAIRNESS HEARING** | If no one objects, the Court will not hold a hearing on the fairness of the settlement and only of someone object to the settlement will the Bankruptcy Court Hold a hearing. If there is a final hearing, you may attend the hearing but only the people who timely object may speak at the hearing. |
| **DO NOTHING** | If you do nothing and are a member of the Class, you will be included in the Settlement. |

The Bankruptcy Court in charge of this case still has to decide whether to approve the Settlement, including after consideration of any objections. Do not contact the Court with questions. If you have questions about the Settlement or this Notice, you should contact Charles E. Reynolds, by mail at Santen & Hughes, 600 Vine Street, Suite 2700, Cincinnati, Ohio 45202, or by phone at 513-721-4450, or by email at cer@santen-hughes.com. Some frequently asked questions are addressed below.

## 1.      What is this lawsuit about?

You are receiving this Notice because records available to Class Counsel indicate you invested funds with Glen Galemmo or entities affiliated with him and suffered a net loss (i.e. you invested more than was distributed to you). Mr. Galemmo perpetrated a fraudulent scheme to defraud investors, including using money from new investors to make distributions to earlier investors. Steven Schuholz was an investor who received more in distributions than the total amount he invested (i.e., he is so-called "net winner"). Plaintiffs filed this lawsuit against Schuholz on behalf of the Class to recover amounts paid to Schuholz above what he invested.

The Court entered a judgment against the Schuholz in the Class Action in the amount of $864,534.16 ("Judgment") and then Schulholz filed bankruptcy in the United States Bankruptcy Court, Southern District of Ohio, Case No. 1:18-bk-13108 and the Class Members sought a determination from the Bankruptcy Court that the entire Judgment was non-dischargeable by filing a complaint assigned Case No. 1:18-ap-01071. Plaintiffs (on behalf of the Class) and Schuholz now desire to settle the claims and defenses asserted in the Adversary Proceeding in Bankruptcy.

**2.     Why is this a class action?**

There are many former Galemmo investors.  This class action against Schuholz is an attempt to resolve similar claims fairly and efficiently and to avoid possible inconsistent outcomes if the claims were brought in separate lawsuits.  In a class action, the Class representatives (in this case James T. Uren and Georgeine Khoo-Smith) sue on behalf of all members of the Class.  One court resolves the issues for all members of the Class, except for those who exclude themselves from the Class.  The Settlement payment is for the benefit of the entire Class (except those who exclude themselves) rather than individual Plaintiffs and the Settlement proceeds are distributed only in accordance with the further orders of the Hamilton County Court of Common Pleas that presided over the Class Action and the Judgment against Schuholz. Judge J. Patrick Foley III of the Hamilton County Court of Common Pleas was and still currently is presiding over the Class Action case.

**3.     Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Schuholz.  The Plaintiffs contend they would prevail if the claims in the case proceeded to trial.  Schuholz contends Plaintiffs will lose. Both Plaintiffs and Schuholz desire to avoid the expense and time of a trial.  The Plaintiffs, as representatives of the entire Class, and Class Counsel (the attorneys representing members of the Class) believe the Settlement is fair to all members of the Class and in the best interest of each Class Member.

**4.     How do I know if I am part of the settlement?**

The Court decided that everyone who fits this description is a member of the Class:

- All persons and entities, individually and collectively, who invested money in or through Galemmo or his affiliated entities from January 1, 2002 to July 26, 2013 and suffered a net loss (i.e., the funds invested exceeded the total of all funds received in the form of purported income or return of principal).

You are receiving this Notice because you have been identified by records available to Class Counsel as someone who may fall within this description.

**5.     What does the Settlement provide?**

If the Bankruptcy Court approves the Schuholz settlement, Schuholz will make the settlement payment totaling $50,000. Once the Bankruptcy Court approves the settlement and the payment is paid, the Bankruptcy Court will no longer have any involvement in the Case and the Adversary Case in Bankruptcy Court will be dismissed with Prejudice. Once the Bankruptcy Court is no loner involved, the Hamilton County Court of Common Pleas will control the remainder of the case. The settlement payment will be held by Class Counsel subject to supervision of the Hamilton County Court of Common Pleas and will be distributed only in accordance with further orders of the Hamilton County Court of Common Pleas.  There are other cases pending against Glen Galemmo and other defendants.  Plaintiffs and Class Counsel expect that the Settlement in this case will be coordinated with those in other cases so that all recoveries on behalf of Galemmo

investors are distributed fairly and consistently.  If the Settlement is approved, Schuholz is released from all claims once he makes the payment described above and you will not be able to sue Schuholz in an individual lawsuit.  Plaintiffs, on behalf of all members of the Class, and Class Counsel (the attorneys representing the Class) believe the Settlement is fair.  The Settlement includes other terms, which are set forth in detail in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by contacting Class Counsel at:

Charles E. Reynolds, Esq.
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
cer@santen-hughes.com

**6.      Is this the only settlement payment I will receive?**

No.  This settlement only concerns claims against Schuholz and Schulholz payment of $50,000 is the only payment that he will make but there are other claims filed against other defendants seeking recovery on behalf of Galemmo investors, including a forfeiture action filed by the United States government in which distributions to injured investors are expected.  While neither Plaintiffs nor Class Counsel can make promises regarding future recoveries, additional settlements are anticipated.  Participating in this Settlement does not affect your right to participate in recoveries or settlements in other claims against other defendants.  This settlement only settles the claims against Schuholz.

**7.      When will I receive a payment?**

The Bankruptcy Court will only hold a hearing on the motion to approve the settlement if people timely object otherwise it will approve the Settlement. Unless you timely object, you are automatically deemed to be participating in the settlement. If the Court approves the Settlement, then Schuholz will make the payment described above within ten (10) calendar days and it will be distributed in accordance with further orders of the Hamilton County Court of Common Pleas. Plaintiffs and Class Counsel expect that payments will be coordinated with recoveries in other cases and with forfeiture proceeds collected by the United States government.  It could be months before any distribution occurs.  Approval of the Settlement is the first step in any distribution and the exact timing of any distribution cannot be predicted with certainty.

**8.      What if the Settlement is not approved?**

If the Court does not approve the Settlement, the Settlement will not become effective it becomes null and void as if it never happened.  Schuholz will not be obligated to make the financial payment required by the Settlement and the claims against him could proceed in the litigation.

**9.      What am I giving up to get a distribution from the Settlement?**

Unless you timely object to the Bankruptcy Court, you are staying in the Class in exchange for the right to share in the financial distribution from the Settlement.  If you do not object, you will give up your right to participate in the Bankruptcy case against Schuholz and you will be bound by the Settlement.

**10. Do I have a lawyer in this case?**

The Court appointed the law firm of Santen & Hughes to represent all the members of the Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. As explained below, the Judge will grant them a fee award from the proceeds of the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense, but you do not need to do that to participate in the Settlement. If you exclude yourself from the Settlement, then Santen & Hughes will not be representing you because they represent only the members of the Class.

**11. Do I have to pay Class Counsel?**

You do not have to make an out-of-pocket payment to Class Counsel. Those lawyers will be paid from a share of the proceeds of the Settlement. If the Settlement is approved, Class Counsel will file a later request with the Court to approve payment of attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, filing the Complaint, litigating the case, and negotiating the Settlement. Whatever amount of fees the Court approves would be deducted from the amount of the Settlement proceeds to be distributed to the Class.

**12. Can I exclude myself from the Class?**

Yes. If you do not wish to participate in the Settlement, you must timely object with the Bankruptcy Court and notify Class Counsel at the address below and notice to Class Counsel must be postmarked no later than _____ to:

Charles E. Reynolds, Esq.
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202

If you do not timely file the Objection with the Bankruptcy Court and send a copy of the same to Class Counsel, you will be included in the Settlement. If you do timely submit your objections, then you or your counsel will need to participate in the objections hearing before the Bankruptcy Court and the Bankruptcy Court will decide the objections and determine if there is a settlement or not.

**13. If I do not object myself, can I sue Schuholz later?**

No. If you do not object and participate in the Settlement, then you are giving up your right to continue to prosecute the claims before the Bankruptcy Court.

**14. If I Object, can I receive a payment from this Settlement?**

No. If you object and the Bankruptcy Court rules in your favor, there will be no settlement and you cannot receive any distribution from the Settlement.

**15.     Can I object to the Settlement?**

Yes.  You can object by mailing a written objection so that it is postmarked no later than _twenty-one days from the date of this notice to:

Charles E. Reynolds, Esq.
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202

Be sure to include your name, address, telephone number, your signature, the amount of your loss from Galemmo-related investments, and the reasons you object to the settlement.  If you do not object in writing to the Settlement, or mail your objection late, then you will not be permitted to oppose the Settlement.

**16.     Do I need to mail anything if I support the Settlement?**

If you support the Settlement, you do not need to do anything.  You will be included in the Settlement unless you object yourself and then there may not be a settlement.

**17.     When and where will the Court decide whether to approve the Settlement?**

The Court will only hold a hearing if someone timely objects and if so, you will be notified of the date and time of the hearing.

**18.     Do I have to come to the Hearing?**

You are not required to attend the objections hearing. Class Counsel and counsel for Schuholz will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you mail an objection, you are not required to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

**19.     May I speak at the hearing?**

If there is a hearing, you may ask the Court for permission to speak at the hearing.  The number of persons who may speak and the length of time they may speak will be determined by the Court at the hearing.  If you have not mailed an objection to the Settlement then you will not be permitted to speak to raise objections to the Settlement.  The purpose of this requirement is to permit Class Counsel and counsel for Schuholz to be prepared to address any concerns about the Settlement.

**20.     What happens if I do nothing at all?**

If you do nothing, you will remain a member of the Class, will be included in and bound by the Settlement, and will be entitled to receive a financial distribution if the Settlement is approved.

**21.    How do I get more information?**

This Notice is only a summary of the circumstances surrounding the litigation, the Class, the Settlement, and related matters.  You may seek the advice and guidance of your own private attorney, at your own expense, if you desire.  For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the United States Bankruptcy Court for the Sothern District of Ohio which is located at 221 E 4th St #800, Cincinnati, OH 45202.  If you wish to communicate with Class Counsel identified above, you may do so by writing to:

Charles E. Reynolds, Esq.
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
cer@santen-hughes.com

**DO NOT CONTACT THE COURT.**  The Court cannot provide you with additional information regarding the Settlement due to ethical restrictions on contact with parties to a lawsuit.

## OBJECTIONS FORM FOR SETTLEMENT AS TO DEFENDANT
## STEVEN SCHUHOLZ

*In re: Steven Edwards, Chapter 7 Case No. 1:18-bk-130108*
*James T. Uren, et al. v. William Scoville, et al.,*
*Adversary Proceeding No, 1:18-ap-01071 2*

**This is NOT a claim form. This is an Objection Form to the Schuholz settlement from this class a DO NOT use this Form if you wish to participate in the proposed Settlement.**

Name of Class Member: _____

Address: _____
        Street               City      State     Postal Code
Telephone: _____
        Area Code/Phone No. (Ext. if applicable)

Amount of my Net Losses from Galemmo-related investments: $_____

*I understand that by opting out, I will not be eligible to receive any money that may result from the Settlement as to Defendant Schuholz if the proposed Settlement is approved.*

If you wish to opt out of this Class Action Settlement, please check the box below

☐ By checking this box, I affirm that I wish to be excluded from the Class in this lawsuit that is settling with Defendant Schuholz, and that I do not wish to participate in the proposed Settlement.

_____     _____
Date Signed             Signature of Class Member or Executor, Administrator or
                        Personal Representative

To be effective as an election to opt-out of this Class Action, this Form must be completed, signed and sent by regular mail, postmarked **no later than** _____, to the address listed below.

The consequences of returning this Form are explained in the Notice of Class Action Settlement.

**If you choose to object, you must mail this Objection Form to Class Counsel at the following address, in an envelope postmarked NO LATER THAN _____:**

Charles E. Reynolds, Esq.
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202

670976.1

8